IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRESTON ROBERSON                                                                    PLAINTIFF

      v.                      Civil No. 4:12-cv-04031

INVESTIGATOR BRYAN McJUNKINS;
and INVESTIGATOR DAVID SHELTON                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Preston Roberson has submitted for filing a complaint and *in forma pauperis* (IFP) application. The Clerk is directed to file the IFP application and complaint. The complaint and IFP application are before me for preservice screening pursuant to the provisions of the Prison Litigation Reform Act.

### 1. Background

According to the allegations of the complaint, Plaintiff was arrested on November 1, 2011, in Hempstead County by two investigators for the Howard County Sheriff's Department, Bryan McJunkins and David Shelton, the Defendants. During the arrest, a verbal altercation occurred. The verbal altercation was allegedly followed by Defendants use of excessive force while handcuffing the Plaintiff.

Plaintiff indicates he was handcuffed so tight his shoulder started popping, the blood stopped circulating, and his right arm immediately began swelling. Plaintiff alleges he did not receive any medical care until November 8th when he was taken to the doctor's office. Because of ongoing pain and discomfort, Plaintiff continued to ask for medical care.

Plaintiff is now incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction. He has been seen by medical personnel and informed he will "probably" need to have surgery on his shoulder.

As relief, Plaintiff is asking that Defendants pay his medical expenses. He also asks for compensatory damages for his mental anguish and suffering.

**2. Discussion**

Under the terms of the Prison Litigation Reform Act (PLRA), a prisoner cannot bring a "civil action or appeal a judgment" IFP "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has accumulated more than three strikes in cases filed in this district and the Eastern District of Arkansas. *See e.g., Roberson v. Arnold*, Case No. 4:92-cv-04086; *Roberson v. Griffin*, Case No. 4:92-cv-04088; *Roberson v. Wright, et al.,* Case No. 4:92-cv-04089; *Roberson v. Billings*, Case No. 4:92-cv-04090; *Roberson v. Corey*, Civil No. 4:08-cv-04105 (E.D. Ark.-- listing five cases as strikes and dismissing the case under the three strikes provision).

There is no allegation in this case that Plaintiff is currently under imminent danger of serious physical injury. As no imminent danger existed at the time he submitted this complaint, he is not eligible for IFP status. *See Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

**3. Conclusion**

Accordingly, I recommend that Plaintiff's motion for leave to proceed IFP be denied and this action dismissed without prejudice pursuant to the three strikes provision of the PLRA. Plaintiff should be instructed that he may file a motion to reopen upon payment of the filing fee.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of April 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE