IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRESTON ROBERSON                                                                                    PLAINTIFF

VS.                               CASE NO. 4:12-CV-04031

INVESTIGATOR BRYAN McJUNKINS;
and INVESTIGATOR DAVID SHELTON                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 4, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 3). Judge Bryant has screened Plaintiff's application to proceed *in forma pauperis* and recommends dismissing Plaintiff's complaint (filed with his application for *in forma pauperis*) without prejudice. 28 U.S.C. § 1915A (2006). Plaintiff timely objected. (ECF No. 4). The matter is ripe for the Court's consideration. For the following reasons, the Court adopts the Report and Recommendation in its entirety.

Under the Prison Litigation Reform Act's "three strikes" rule, a prisoner is allowed three *in forma pauperis* actions or appeals that are dismissed on grounds of frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). After that, *in forma pauperis* status is unavailable to the prisoner, and so he must pay the filing fee up front for subsequent actions. Judge Bryant recommends dismissing Plaintiff's complaint without prejudice because he has had at least four

actions dismissed on three-strikes-applicable grounds.[1] He offers three objections to being denied *in forma pauperis* status in this action.

    First, he argues that his earlier actions predated the Prison Litigation Reform Act, and so counting them as strikes would violate the Fourteenth Amendment's promise of equal protection. Section 1915(g) does not, as a whole, deny equal protection. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). Nor does its retroactive application. Courts in this and other circuits apply the three-strikes rule retroactively to actions begun before 1996. *See, e.g.*, *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (applying three-strikes rule to actions from 1992, 1993, and 1995); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000); *Ayers v. Norris*, 43 F. Supp. 2d 1039, 1044 n.4 (E.D. Ark. 1999) (noting other courts' approval of the rule's retroactive application). Because § 1915(g) is a procedural rule that does not affect the merits of the underlying claim or of the previously dismissed claims, it does not raise constitutional retroactivity concerns. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

    Second, Plaintiff argues that the PLRA's imminent-danger standard is inconsistent with the Eighth Amendment's "wanton infliction of pain" standard. This objection is not relevant, however, because Plaintiff is not claiming the imminent-danger exception. The Plaintiff has not claimed that imminent danger existed when he filed his Complaint. Having faced imminent danger in the past is "insufficient to trigger this exception…." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Imminent danger at filing is required. *Id.*

    Finally, Plaintiff argues that having his previous actions dismissed without a hearing violated his due-process right. However, this circuit has "upheld the constitutionality of 28 U.S.C. § 1515A," the pre-service-dismissal statute. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir.

---

[1] Those four cases, *Roberson v. Arnold*, No. 4:92-cv-04086; *Roberson v. Griffin*, No. 4:92-cv-04088; *Roberson v. Wright, et al.*, No. 4:92-cv-04089, and *Roberson v. Billings*, No. 4:92-cv-04090, were all filed on the same day in this Court under the Honorable Oren Harris.

2001); *see also Wentz v. Redmann*, No. 3:09-CV-88, 2009 WL 4724388, at *2 (D.N.D. Dec. 2, 2009) ("The Court cannot find any basis on which 28 U.S.C. § 1915A violates [plaintiff]'s right to due process…."). Therefore, due process does not mandate a hearing under § 1915A.

For the above reasons, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 3) in its entirety. The Plaintiff's Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. The Plaintiff may file a motion to reopen the case upon paying the filing fee.

IT IS SO ORDERED, this 13th day of September, 2012.

> /s/ Susan O. Hickey
> Hon. Susan O. Hickey
> United States District Judge